People v Wickwire (2018 NY Slip Op 07494)





People v Wickwire


2018 NY Slip Op 07494


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent.
v
CHAD S. WICKWIRE, Appellant.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Aarons and

Rumsey, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 17, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant waived indictment and agreed to plead guilty to a superior court information charging him with one count of criminal possession of a controlled substance in the fifth degree. The plea agreement, which covered other pending charges and included — insofar as is relevant here — a waiver of the right to appeal, contemplated that defendant would receive a sentence of five years of probation upon successfully completing substance abuse treatment. Following his guilty plea, defendant was remanded pending his entry into treatment — with the admonition that County Court would not be bound by its sentencing commitment if he failed to complete treatment, tested positive, failed to comply with the local jail rules or failed to report to his probation officer.
Defendant thereafter entered treatment and successfully completed the inpatient portion of the program. Upon his referral to a halfway house, however, defendant tested positive for Suboxone and was returned to County Court on a bench warrant. County Court thereafter sentenced defendant, as an admitted second felony drug offender, to a prison term of four years followed by two years of postrelease supervision at the Willard drug treatment program. Defendant appeals.
Contrary to defendant's assertion, we find his waiver of the right to appeal to be valid. County Court explained that the waiver of the right to appeal was separate and distinct from the other rights that defendant was forfeiting by pleading guilty, and defendant indicated his understanding thereof (see People v Rogers, 162 AD3d 1410, 1410 [2018]; People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]; People v Quinones, 160 AD3d 1304, 1305 [2018], lv denied 31 NY3d 1152 [2018]). In response to County Court's inquiries, [*2]defendant confirmed that he had read the written waiver that he had executed, understood its contents, had no questions relative thereto, had been afforded sufficient opportunity to confer with counsel and was willing to waive his right to appeal (see People v Gilliam, 162 AD3d 1413, 1414 [2018]; People v Venable, 161 AD3d 1315, 1315 [2018], lv denied 31 NY3d 1154 [2018]; People v Sharpe, 159 AD3d 1192, 1193 [2018], lv denied 31 NY3d 1121 [2018]). In light of the valid appeal waiver, defendant's challenge to the severity of the sentence imposed is precluded (see People v Garcia, 164 AD3d 958, 959 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]; People v Quinones, 160 AD3d at 1305).
McCarthy, J.P., Egan Jr., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.